```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
```

LESLIE OCASIO, et al.,

**Plaintiffs**

v.

CIVIL NO. 13-1699 (JAG)

NEFTALI SOTO,

**Defendants**

## OPINION AND ORDER

Before the Court stands Neftalì Soto's ("Soto") Motion to Dismiss pursuant to 12(b)(6). For the reasons stated below the Court hereby **GRANTS** Soto's Motion to Dismiss.

## BACKGROUND

Soto was the Secretary of Agriculture for the New Progressive Party from 1993 to January 13, 1997. During his tenure, the Department of Agriculture laid off its entire mitigation workforce, amounting to around six hundred employees. Shortly thereafter, general elections were held. The Popular Democratic Party came into power and Soto ceased to be Secretary.

A multitude of lawsuits ensued alleging the layoff plan was unlawful. One of these was brought by a group of fifty ex-employees. On appeal, this sub-group received a court judgment

in their favor from Puerto Rico's court of appeals. They later secured a settlement with the Department of Agriculture.

A set of related cases, filed by a group of two hundred employees in 1999, remained pending. While the parties were engaged in settlement negotiations throughout 2012, the New Progressive Party regained power and Soto was reappointed as Secretary of the Department of Agriculture. Allegedly, both the Department of Justice and the Department of Agriculture recommended that Soto settle the outstanding cases, as Soto's predecessor had purportedly agreed to do. Much to Plaintiffs' chagrin, Soto refused to settle.

In response, a group of these state-court plaintiffs brought this federal action on September 15, 2013 alleging, among other things, that Soto infringed upon their 14th Amendment rights by refusing to sign the settlement agreement in the ongoing, consolidated state cases.

## STANDARD

### A. Rule 12(b)(6) Standard of Review

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure the sufficiency of a complaint.

First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Second, the court assesses if the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id.

## ANALYSIS

Plaintiffs claim that Soto violated both their procedural and substantive due process rights in refusing to settle the case before the state court. A common element of all due process claims is the existence of a constitutionally protected interest in "life, liberty or property." Rivera v. Rhode Island, 402 F.3d 27, 33-34 (1st Cir. 2005)(outlining elements of substantive due process claim); Maymi v. Puerto Rico Ports Authority, 515 F.3d 20, 29 (1st Cir. 2008)(the same but for procedural due process claims).

Plaintiffs accurately state that public employment (at least for career employees) is a constitutionally protected property interest. Cleveland Bd. Of Ed. v. Loudermill, 470 U.S. 532, 542 (1985). However, that interest is the subject of the case before the state court. Here, the issue is whether Plaintiffs have a constitutionally-protected property interest in the *settlement* of that case. The Court holds they do not.

The Supreme Court has defined property for due process purposes as a "legitimate claim of entitlement" rooted in a source of law independent from the Constitution. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). The concept of entitlement carries with it a sense of control by one party that is mutually exclusive to the cooperative nature of the contracting process. Therefore, Plaintiffs cannot seriously claim they are entitled to the settlement of the state court case absent consent from the opposing party.

Plaintiffs also contend that Soto must follow the "precedent" set in the case brought by the other 50 ex-employees. In that case, the Puerto Rico court of appeals held that the Department of Agriculture's layoff plan was unlawful. According to Plaintiffs, since both cases shared the layoff plan as a common denominator, Soto had no choice but to settle the case below. This is plainly wrong. To start with, the case referenced by Plaintiffs was not subject to review by the Puerto

Rico Supreme Court; rather, it was settled following the appellate court's decision. Precedent, it is not. Secondly, Plaintiffs' argument seems to confuse the concept of precedent with estoppel. Plaintiffs could, in the case below, argue that the lawfulness of the layoff plan has already been decided and that the court must therefore act accordingly. But *even if* the state court agreed, Soto could not be compelled to settle the case. In that case, Plaintiffs would still need to secure judgment through litigation.

In sum, Plaintiffs have failed to put forth a cognizable violation of a constitutionally protected property right. Accordingly, their substantive and procedural due process claims fail.

## CONCLUSION

In light of the foregoing, the Court hereby GRANTS Soto's Motion to Dismiss. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of June, 2014.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge